**Achmaa OCHIRVAANI;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**Achmaa Ochirvaani; et al., Petitioners,**

v.

**Alberto R. Gonzales, Attorney
General, Respondent.**

Nos. 05–70972, 05–75281.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 11, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds these cases suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Achmaa Ochirvaani, Los Angeles, CA, pro se.

Mijddorj Munkhzul, Los Angeles, CA, pro se.

Batmandakh Munkhzu, Los Angeles, CA, pro se.

Bayasakh Munkhzul, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Linda S. Wendtland, Esq., Don G. Scroggin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Achmaa Ochirvaani, her husband, and two sons, are natives and citizens of Mongolia. Pro se petitioners seek review of the Board of Immigration Appeals' ("BIA") order, dated January 26, 2005, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the BIA's order, dated August 22, 2005, denying her motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252.

With respect to the BIA's January 26, 2005 order, we review the IJ's decision directly because the BIA affirmed without an opinion. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny this petition for review.

█ Petitioners contend that Ochirvaani suffered persecution due to her status as an ex-casino worker who objected to government policies and due to her religion. Substantial evidence supports the IJ's conclusion that the petitioners did not establish past persecution because the interrogation, detentions and the abuse petitioners experienced related to Ochirvaani's status as a former casino worker were not on account of a protected ground. *See id.* at 483, 112 S.Ct. 812. Substantial evidence also supports the IJ's conclusion that petitioners do not have a well-founded fear of future persecution because casinos are illegal in Mongolia, thus, Ochirvaani no longer has a reason to fear problems as a former casino worker opposing the government's casino policies. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003).

In addition, substantial evidence supports the IJ's conclusion that petitioners did not suffer past persecution or have a fear of future persecution on account of their religion. *See id.* at 1016–18.

█ Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

█ We lack jurisdiction to address petitioners' CAT claim because it is unexhausted. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

With respect to the BIA's August 22, 2005 order, we review for abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004). We deny this petition for review.

█ To the extent that petitioners' motion sought to reopen removal proceedings, the BIA did not abuse its discretion by denying it, because it is number-barred under the regulations. *See* 8 C.F.R. § 1003.2(c)(2). Furthermore, the BIA did not abuse its discretion in finding that the affidavits petitioners included in the motion did not reflect any changed circumstances in Mongolia and would not have changed the result of the case. *See INS v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (finding that petitioner bears a "heavy burden" in seeking to reopen immigration proceedings).

█ To the extent that petitioners' motion sought reconsideration, the BIA did not abuse its discretion by denying it, because petitioners failed to specify how the BIA erred in its denial of the motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

Finally, to the extent that petitioners currently seek review of the BIA's June 8, 2005 order, which denied their motion to reopen, it is untimely, and the Court lacks jurisdiction to consider this claim. *See Stone v. INS,* 514 U.S. 386, 405–406, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that Congress "envisioned two separate petitions filed to review two separate final orders.")

**PETITIONS FOR REVIEW DENIED.**